Loíza Sugar Company, Demandante y Apelada *v.* Calderón et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre confesoria de servidumbre (*injunction.*)

No. 2512.—Resuelto en marzo 31, 1922.

Servidumbre de Paso—Levantamiento de Vía Férrea—Tolerancia del Dueño.— Aunque el arrendatario, autorizado por los términos del arrendamiento, hubiera autorizado a la demandante para pasar sus trenes por la finca arrendada, el dueño, terminado el arrendamiento, no puede ser obligado a soportar la servidumbre, pues no habiéndose obligado a tolerarla su derecho a levantar las vías está protegido por el artículo 446 del Código Civil, sobre todo no habiendo demostrado la demandante la existencia de algún daño actual o futuro.

Id.—Id.—*Injunction*—Descripción de la Finca.—En una demanda de *injunction* para que se prohiba a los demandados el levantamiento de vías de la demandante, debe describirse suficientemente la finca objeto de la servidumbre; y no cumple con tal requisito la mera alegación de que los demandados son dueños de 180 cuerdas de terreno en el barrio * * * del municipio de * * *.

Id.—Id.—Causa de Acción—Alegación Necesaria.—No determina hechos bastantes para constituir causa de una acción sobre levantamiento de vías una demanda en la cual si bien se alega que los dueños consintieron la colocación de las vías férreas no se alega ningún hecho por el cual estuvieran éstos im-

pedidos de retirar su consentimiento. Sea cual fuere el perjuicio que pueda causarse a una persona no puede ésta intervenir en el debido ejercicio de un derecho por parte de otro sin probar que ella misma tiene algún derecho.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *J. G. Torres, A. R. Barceló* y *M. Benítez Flores.*

Abogados de la apelada: *Sres. E. Acuña* y *J. Texidor.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Se dictó una orden de *injunction* contra los demandados prohibiéndoles quitar de su finca el paso ferroviario de la demandante, que es una central azucarera, alegando esta última un derecho igual o semejante al de una servidumbre. La condición física de este caso sólo se diferencia de los hechos revelados en el de *Torres* v. *Plazuela Sugar Company,* 24 D. P. R. 479, en que en este caso la demandante reclama un derecho por virtud de un contrato que el dueño de la finca en cuestión celebró con su arrendatario por el cual fué autorizado el segundo en la siguiente forma:

"Queda asimismo el arrendatario señor Sosa Oliva ampliamente apoderado y autorizado por los actuales dueños de la finca para que, durante el período de su arrendamiento, conceda o niegue el paso por aquellas líneas férreas u otras vías de comunicación establecidas o que se trate de establecer, oponiéndose o no a procedimientos de expropiación forzosa."

La demandante no presentó prueba tendente a establecer la existencia de un contrato con dicho arrendatario. Por el contrario la prueba de la celebración de un contrato para permitir a la demandante penetrar en la finca era de fecha anterior a la posesión de dicho arrendatario. El caso queda pues comprendido en todos sus aspectos en el de *Torres* v. *Plazuela, supra.*

Aún cuando el arrendatario hubiera celebrado un contrato, quedaba limitado al término de su arrendamiento el

cual se demostró que había vencido, y como en el caso de *Torres* v. *Plazuela, supra,* es aplicable el artículo 446 del Código Civil, el cual prescribe lo siguiente:

"Artículo 446.—Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión."

Convenimos con los apelantes en que para que se decrete un *injunction* debe probarse un caso robusto; pero no es necesario hacer citas de autoridades pues no vemos que se haya probado un caso en favor de la apelada, la que, como sucede con mucha frecuencia no ha presentado alegato. No encontramos justificación alguna para este pleito.

Asimismo convenimos con los apelantes en que en la demanda de *injunction* debió haberse descrito la finca y no era bastante con decir que los demandados eran los dueños de 180 cuerdas de terreno en el barrio de Canóvanas, del Municipio de Loíza. No estamos muy seguros en vista de los autos de si este defecto fué o no subsanado en el juicio.

También tienen razón los apelantes al insistir en que no se demostró claramente la existencia de ningún daño real o futuro para la demandante. Por el contrario, la prueba tendió a mostrar que la demandante raras veces utilizaba la vía férrea en cuestión y que tenía otros medios de comunicación en la vecindad, aunque quizás más costosos.

Estamos asimismo de acuerdo con los apelantes en que la demanda no determinaba una causa de acción, pues si bien expresaba que los dueños habían consentido en la colocación de la vía de ella nada aparecía por lo cual estuvieran impedidos los demandados de poder retirar tal consentimiento de conformidad con el artículo 446, *supra.* Sea cual fuere el perjuicio que pueda causarse a una persona no puede ésta intervenir en el debido ejercicio de un derecho por parte de otro sin probar que ella misma tiene algún derecho. Los

apelantes alegan otros defectos de la demanda que no discutiremos.

Habiendo llegado a esta conclusión no consideraremos la alegadà falta de una fianza o un juramento, o la supuesta actuación de la corte inferior al librar la orden sin fianza. La demandante estaba tan desprovista de una causa de acción, que debe revocarse la sentencia y desestimarse la demanda, con costas y honorarios de abogado, no habiéndose justificado razón alguna para molestar a los demandados con este pleito.

> *Revocada la resolución apelada y se desestima*
> *la demanda, condenando a la demandante*
> *al pago de las costas y honorarios de abo-*
> *gado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.